

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2006

# Caesar v. Megamillion Biggame

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1055

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Caesar v. Megamillion Biggame" (2006). *2006 Decisions.* Paper 577.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/577

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO: 06-1055

JOYCE A. CAESAR,
                                                    Appellant
                            vs.

MEGAMILLION BIGGAME LOTTERY; POWERBALL LOTTERY; NEW JERSEY
DEPARTMENT OF THE TREASURY; NEW JERSEY DIVISION OF LOTTERY;
DELAWARE DIVISION OF LOTTERY; CHASE MANHATTAN BANK; NEW YORK
DIVISION OF LOTTERY; THEODORE WIZARD MILLS; BONEGAL PLOWDEN
SPEARMAN; EDWARD ALLEN; ALLEN OLIVER; ESTATE OF GLORIA OLIVER;
MARGARET R. DEFRANCISCO; WAYNE LEMMONS; VIRGINIA HAINES;
VIRGINIA E. BAUER; CAROL HEDINGER; JAMIE GILMARTIN; DELORES
MATOS; BARHARTA O'HARA; WILLIAM T. JOURDAIN; DONALD
DIFRANCESCO; CARLOS I. CORREA; SUPERIOR COURT OF NEW JERSEY;
APPELLATE DIVISION OF NEW JERSEY; NEWARK MUNICIPAL COURT;
JUDGE THOMAS P. ZAMPINO; JUDGE ALPHONSE J. CIFELLO; JUDGE CRAIG
R. HARRIS; JUDGE PAUL R. O'CAMILE; JUDGE GLENN GRANT; JUDGE
DENNIS J. BRAITHWAITE; JUDGE LAWRENCE BILDER; JUDGE EDWIN H.
STERN; JUDGE NAOMI EICHEN; JUDGE LORRAINE PARKER; JUDGE HARRIET
KLEIN; JUDGE NEIL H. SHUSTER; JUDGE NANCY SIVILLI; HILLSIDE POLICE
DEPT.; UNION COUNTY POLICE DEPT.; IRVINGTON POLICE DEPT.; ESSEX
COUNTY SHERIFF'S OFFICE; MICHAEL GALLISHAW; ARMANDO B.
FONTURA; PAULO DESOUSA; N.J. BUREAU OF HOUSING INSPECTION; ALVIN
J. DYOTT; CURTIS F. WATTS; WILLIAM M. CONNOLLY; JOSEPH DEBRONZO;
MARK J. BOTSKO; DIVISION OF YOUTH AND FAMILY SERVICES; FELICIA
CRAWFORD; MARIA DORICENT; TONTE IKIRIKO; EMMANUEL ABESE; NEW
JERSEY ATTORNEY GENERAL'S OFFICE; NEW JERSEY OFFICE OF THE
PUBLIC DEFENDER; MARY BAXTER; MARIA GONZALEZ-JENNECK; CECIL
TYNDALL; CHARLES AVERY CREWS; AMBER NOEL CREWS; TERRI M.
PETTAWAY; TAWAYNA BAILEY; GLORIA DUGGINS; YOLANDA LABOY;
HEATHER HALL; SUSAN POWERS; WILLIAM E. POWERS, JR.; POWERS KIRN,
LLC; EDWARD E. CAPRIOLA, JR.; JOHN DOES; JANE DOES

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02986)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
August 11, 2006
Before:   FISHER, ALDISERT AND WEIS, <u>CIRCUIT</u> <u>JUDGES</u>
(Filed: August 16, 2006)

_____

OPINION

_____

PER CURIAM.

Appellant Joyce A. Caesar filed a civil Racketeer Influenced and Corrupt

Organizations Act suit alleging violations of 18 U.S.C. §§ 1962(a), (b), (c), and (d),

against over seventy defendants, claiming a sweeping conspiracy to steal her winning

lottery tickets and intimidate her into forfeiting the money.  Caesar paid the filing fee in

the District Court and then filed an application to proceed <u>in forma pauperis</u> ("IFP").  The

District Court granted the application and dismissed the suit as frivolous under 28 U.S.C.

§ 1915(e)(2)(B)(i).  Caesar timely appealed.

Caesar alleges that since 2000, the defendants, including, <u>inter alia</u>, the

former acting Governor of New Jersey, the Mayor of Jersey City, thirteen state judges,

many state agencies and their employees, Powerball and Megamillions, and four police

departments, took part in a vast and powerful conspiracy to steal her lottery winnings, an

estimated $138,100,000.  She alleges that on four separate occasions, she bought and

signed high-valued jackpot-winning lottery tickets.  In each instance, persons acting on

2

behalf on the conspiracy stole her ticket and defrauded lottery officials to deprive her of her winnings. She alleges that everything from parking tickets and traffic stops to a foreclosure judgment in favor of Chase Manhattan Bank were carried out in furtherance of the conspiracy. Without elaboration, the District Court dismissed the complaint, concluding that it was frivolous on its face.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). A court need not credit as true factual allegations that are "fantastic" or "irrational and wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Although we have carefully considered Caesar's amended complaint and the attached documents, weighing the alleged facts in her favor, so far as possible, we conclude that the factual contentions are clearly baseless. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Taken individually none of Caesar's allegations are fantastic. Rather, it is the vast power, scope, and complication of the whole alleged conspiracy combined with the near statistical impossibility of winning four major lotteries that make the allegations surpass all credulity.

For the foregoing reasons, we will affirm the judgment of the District Court.